Filed 8/27/24  In re C.H. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re C.H., <br><br> a Person Coming Under the Juvenile Court Law. | B335048 <br><br> (Los Angeles County Super. Ct. No. 21CCJP03472) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.H. Sr., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Philip Soto, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Deputy County Counsel, for Defendant and Respondent.

## INTRODUCTION

C.H., Sr. (father) appeals from the juvenile court's order terminating his parental rights with respect to his son, C.H., Jr. (child).[1] Father argues that the Los Angeles Department of Children and Family Services (Department) failed to properly inquire into child's Indian ancestry, as required by the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related state law. We conclude that the Department's inquiry was incomplete and conditionally reverse the juvenile court's order.

## FACTS AND PROCEDURAL BACKGROUND

Child was taken into protective custody on July 23, 2021, after the paternal uncle with whom he was living attempted suicide. The Department filed a dependency petition four days later. The petition alleged that father had a history of substance abuse, was a current user of methamphetamine, and had made an inappropriate plan for child's care.

In advance of the detention hearing, father's counsel filed an ICWA-020 form, indicating that father had no Indian[2] heritage. No such form was filed by child's mother, C.M. (mother), then or later. At the detention hearing, the court found no "reason to know" child had Indian heritage, but ordered both parents to keep "the Department, their Attorney and the Court" apprised of any new information.

---

[1] Child shares his father's name. We refer to him as "child" to avoid confusion. We intend no disrespect. Child's mother, C.M., is not a party to this appeal.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

In August 2021, child was placed with his paternal aunt. In September 2021, the trial court sustained the Department's petition, ordered child removed from father's custody, and directed that reunification services be offered to both parents. Mother's reunification services were terminated in April 2022. Father's reunification services were terminated in August 2023.

Mother appeared, with counsel, at the hearing when father's services were terminated. The court asked if mother had any Indian heritage, or if any family members might know of Indian heritage. Mother conferred with counsel, and counsel answered in the negative. On December 13, 2023, the court terminated parental rights for both parents. Father timely appealed.

## DISCUSSION

ICWA exists "to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court . . . must follow before removing an Indian child from his or her family." (*In re Austin J.* (2020) 47 Cal.App.5th 870, 881.) ICWA defines "Indian child" to mean any unmarried person who is under 18 and is either (a) already a member of an Indian tribe or (b) both eligible for membership in an Indian tribe and the biological child of a member of a tribe. (25 U.S.C. § 1903(4).) California law adopts the ICWA definition. (Welf. & Inst. Code, § 224.1, subd. (a).)[3]

Both the juvenile court and the Department have an ongoing duty to inquire whether a child qualifies under that definition. (*In re N.F.* (2023) 95 Cal.App.5th 170, 176 (*N.F.*).) This duty applies in three phases: the initial

---

[3] All future statutory references are to the Welfare and Institutions Code, unless otherwise stated.

3

inquiry, any further inquiry, and formal notice to the relevant tribe or tribes. The initial inquiry is the phase at issue here.

Upon initial contact with the child, the Department must ask those involved if they have any information about the child's heritage. (*N.F., supra,* 95 Cal.App.5th at p. 176.) If the Department takes the child into temporary custody (as it did here), the department must inquire of "'the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect.'" (*Id.* at p. 177, quoting § 224.2, subd. (b).)

Father argues that the Department failed to interview any relatives of either parent. The Department concedes the error but argues that it was harmless. When this case was briefed, there was a split of authority regarding the standard of review. The California Supreme Court has recently resolved that split, and with it, this case.

*In re Dezi C.* (Aug. 19, 2024, S275578) __Cal.5th __ (2024 WL 3853597 at p. *1) holds that where the Department's inquiry is inadequate, conditional reversal is required. The matter must be returned to the trial court and the Department must conduct the proper inquiry. (*Ibid.*) That holding governs here.

## DISPOSITION

The orders terminating parental rights are conditionally reversed. The matter is remanded to the juvenile court. The court is to order the Department to complete the required ICWA inquiry, supported by record documentation. If the court subsequently determines that ICWA does not apply, then the court shall reinstate the order terminating parental rights. If

the court determines that ICWA applies, then it shall proceed in conformity with ICWA and related California law.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

COLLINS, J.